```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

MELISSA HILES,

    Plaintiff,
v.                               Case No.  8:16-cv-808-T-33MAP

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Extension of Time to Exchange and File Documents, Conduct Mediation, and File the Case Management Report (Doc. # 13), which was filed on June 21, 2016. The Court grants the Motion in part, as explained below.

**Discussion**

Plaintiff Melissa Hiles filed her 23-page Verified Complaint against Ocwen Loan Servicing, LLC on April 4, 2016, alleging that Ocwen violated the Florida Consumer Collection Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act. (Doc. # 1). On April 26, 2016, Ocwen sought and obtained an extension of time to respond to the Complaint. (Doc. ## 6, 8).

The Court entered its Scheduling Order, which is narrowly tailored to the circumstances of this case, on April 26, 2016.

(Doc. # 9). That Order requires the parties to exchange relevant documents (for instance, documents "that relate to the telephone calls, letters, or other debt collection activities in question"), and file the documents with the Court, by June 27, 2016. (Id. at 2). In addition, the Scheduling Order refers the case to mediation with Peter Grilli, Esq. and a mediation date of July 11, 2016, has been established. (Id. at 4). The Court set a Case Management Hearing for July 14, 2016, and directed counsel to file a Case Management Report by July 12, 2016. (Id. at 8-9).

Recognizing the impact that telephone records have in consumer collection cases, the Court specifically authorized counsel "to serve subpoenas on telecommunications entities so that accurate information may be gathered," and warned: "If the parties elect to serve subpoenas for telephone records in this case, they should do so as early as practicable and should work together to facilitate the process." (Id. at 4).

The Court admonished that "the parties are not permitted to mediate until the information exchange outlined in this Order has been completed." (Id.). The Court also advised, "If the mediation date is approaching, and the parties realize that they will not be able to complete the document exchange

called for herein, the parties are directed to file a motion to reschedule the mediation. . . . [T]he parties are strongly encouraged to promptly exchange documents, as required herein, to avoid unnecessary expense." (Id. at 4-5).

At this juncture, the parties jointly move to extend the deadlines of the Scheduling Order. (Doc. # 13). Counsel request that the Court extend the deadline to exchange information and documents to August 12, 2016, move the mediation deadline to August 19, 2016, and establish August 24, 2016, as the deadline to file the Case Management Report. (Id. at 2). Counsel mention various "litigation schedules" and other factors which may bear on their ability to meet the Court's requirements. However, one representation in the Motion requires further discussion. Counsel indicate that they are awaiting telephone records that have been subpoenaed from Hiles' cellular telephone service provider, "which generally take 3-5 months to be received and are of great significance to this TCPA litigation." (Id.).

However, counsel do not provide information regarding when the subpoena was issued. Without that information, the Court is unable to determine whether counsel have diligently attempted to comply with the Court's Scheduling Order. At

-3-

this juncture, with the limited information provided, the Court grants the extension Motion in part by extending all deadlines in the Scheduling Order by a period of thirty days. The Court would be willing to revisit this and grant a longer extension depending on when the subpoena was sent to Hiles' cellular telephone service provider and when the cellular telephone records are made available. Counsel are directed to file a status report containing this information by **June 27, 2016**.

The Court also takes this opportunity to reiterate that it has placed this case on a "fast track" and that the Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). Recent changes to the Federal Rules of Civil Procedure place heightened case management duties on the Court, and the Court's goal in resolving the present Motion is to reduce the expenses associated with litigation and to ensure that the case does not languish on the Court's docket. The Court recognizes the importance of receiving telephone records from the third party service provider, but it also has a continuing obligation to move the case forward in an effort to reduce

costs and to speedily resolve the case in a just and efficient manner.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Extension of Time to Exchange and File Documents, Conduct Mediation, and File the Case Management Report (Doc. # 13) is **GRANTED in PART** to the extent that the deadlines contained in the Scheduling Order are extended by a period of thirty days.

(2) The deadline to exchange information and documents (and to file the same with the Court) is extended from June 27, 2016, to and including July 27, 2016. The mediation deadline is extended from July 11, 2016, to and including August 11, 2016. The Case Management Hearing set for July 14, 2016, and attendant Case Management Report deadline are cancelled. The Court will reschedule the Case Management Hearing via separate Notice.

(3) The parties are directed to provide more information about the subpoena to the cellular service provider by June 27, 2016.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE